**OLSHAN FROME WOLOSKY LLP**
Andrew B. Lustigman, Esq.
Scott Shaffer, Esq.
744 Broad Street, 16th Floor
Newark, NJ 07102
Tel: 973.331.7200
  -and-
Park Avenue Tower
65 East 55th Street
New York, NY 10022
e-mail: alustigman@olshanlaw.com;
   sshaffer@olshanlaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOUSEWARES AMERICA, INC.,<br><br>       Plaintiff,<br><br>   -against-<br><br>TEKNO PRODUCTS, INC., NARAIN KURANI a/k/a NICK KURANI,  EVERT-FRESH, INC. d/b/a EVERT FRESH CORPORATION and d/b/a EVERT-FRESH CORPORATION, and  LYNN EVERTS,<br><br>       Defendants. | Civil Action No:<br><br><br>__COMPLAINT AND JURY DEMAND__ |

   Plaintiff Housewares America, Inc. (hereinafter, "Housewares"), by and through its undersigned attorneys, hereby alleges, upon knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

   1.  Plaintiff Housewares has been the exclusive distributor of Green Bags® food storage bags since 2004 pursuant to an Agreement with Defendant Evert Fresh.  Through more than a decade of hard work, untiring devotion to the product, the creation of brand awareness and

3213650-2

goodwill, as well as the celebrity status of Debbie Meyer, Housewares has converted "Green Bags®," from a little-known product into a virtual household name – the Debbie Meyer® Green Bag®. To date, Housewares has sold approximately one billion Debbie Meyer® Green Bags® food storage bags. As a result of the efforts of Housewares and Debbie Meyer (who is a principal of Housewares), Evert Fresh has reaped great benefits, including millions of dollars in sales. After reaping the benefits of Housewares' decade plus of hard work, Evert Fresh and its principal, Defendant Lynn Everts, have engaged in an unlawful scheme with admitted Green Bags® infringer Nick Kurani and his company, Tekno Products, Inc. to usurp Housewares' exclusive rights and destroy Housewares' market share.

2.      This is an action for breach of contract, tortious interference with contract, false designation of origin, unfair competition, common-law copyright and other related claims, all of which arise in connection with the marketing, advertising and sale of Defendants' Green Bags product. Through this action, Housewares seeks both injunctive and monetary relief.

## PARTIES, VENUE AND JURISDICTION

3.      Housewares America, Inc. is a corporation organized and existing under the laws of Florida with its principal place of business located at 28050 US 19 N, Suite 301, Clearwater, Florida. It is co-owned by Debbie Meyer and her husband Neville Meyer.

4.      Upon information and belief, Tekno Products, Inc. ("Tekno") is a corporation organized and existing under the laws of New Jersey with its principal place of business located at 301 Rt. 17 North, Rutherford, New Jersey.

5.      Upon information and belief, Nick Kurani, also known as Narain Kurani ("Kurani"), is a resident of New York with his principal place of business located at 301 Rt. 17 North, Rutherford, New Jersey.

2

6.      Upon information and belief, Kurani is an officer, owner and principal of Tekno who directs and exerts control over the activities of Tekno. Kurani personally participated and directed the acts of Tekno described in this Complaint.

7.      Upon information and belief, Evert-Fresh, Inc. d/b/a Evert Fresh Corporation and d/b/a "Evert-Fresh Corporation" (hereinafter referred to as "Evert Fresh") is a corporation organized and existing under the laws of Texas with its principal place of business located at 3137 Highway 36, Unit 12, Sealy, Texas.

8.      Upon information and belief, Lynn Everts is a resident of Texas with his principal place of business located at 3137 Highway 36, Unit 12, Sealy, Texas.

9.      Upon information and belief, Lynn Everts is the sole officer, director, owner and principal of Evert Fresh who directs and exerts control over the activities of Evert Fresh. Everts personally participated and directed the acts of Evert Fresh described in this Complaint.

10.     Upon information and belief, Evert Fresh regularly conducts and directs its business in the State of New Jersey, and does business on a regular basis directly and through its agents and representatives in the State of New Jersey.

11.     Upon information and belief, Evert Fresh contracts to supply goods and/or services in the State of New Jersey.

12.     This Court has jurisdiction over the subject matter of this action: under 15 U.S.C. §§ 1116 and 1121 as well as 28 U.S.C. §§ 1331 and 1338(a) and (b) as it involves claims arising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a) as amended), combined with related claims for unfair competition, unfair trade practices, false advertising, and deceptive acts and practices arising under state law; under 28 U.S.C. § 1332 as there exists diversity of citizenship among the parties hereto and the amount of controversy, exclusive of interests and

3

costs, exceeds the sum of $75,000; and under 28 U.S.C. § 1367 under the principle of supplemental jurisdiction.

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## ALLEGATIONS OF FACT

14.     Debbie Meyer is a celebrity who offers innovative solutions to common household problems faced by consumers.   She has patented a number of household-oriented inventions, including the well known "DEBBIE MEYER® CAKE CUTTER", which appeared in the Design Museum of London.

15.     Debbie Meyer is regularly featured in newspapers, such as the *Wall Street Journal*, on radio and television. She has received numerous awards, including the "Lifetime Achievement Award" by the eWomen Network and the honor of being named as one of the Top 90 Women Mentoring Leaders in the USA.

16.      Together, Ms. Meyer and her husband Neville Meyer own Housewares America, Inc., which offers household-solution-oriented products consistent with Debbie Meyer's reputation.   The company owns the trademark Debbie Meyer® under which Housewares' products are offered.

17.      Housewares' products are sold on television, the Internet, in catalogs and in wide retail distribution both online and in traditional brick and mortar stores throughout the United States and internationally.   Debbie Meyer® products can be found in numerous retail stores such as Bed Bath & Beyond, Kmart, Kohls, Meijer, Stop & Shop, True Value and Publix Supermarkets.  The Debbie Meyer® brand is a featured brand on the Home Shopping Network where Ms. Meyer makes frequent appearances promoting her products.

**The Exclusive Distribution Arrangement**

18.     In or about September 2004, Housewares and Evert Fresh entered into an agreement ("the Agreement") to use Debbie Meyer's skill, reputation for trustworthiness and her television connections to sell Green Bags®.

19.     The Agreement provides that Evert Fresh will manufacture Green Bags® for Housewares; that Housewares will sell the Green Bags® product and that Housewares will pay Evert Fresh 70% of the wholesale selling price.  The Agreement was later modified to cover the payment of an agreed-upon purchase price for various sets and configurations of Green Bags® sold under the Debbie Meyer® name.

20.     The Agreement prohibits Evert Fresh, acting on its own or through a licensee or affiliate, from attempting to sell a competing product on television or in any other streamed visual media.

21.     A separate provision of the Agreement provides that Housewares could obtain the worldwide exclusive retail rights to sell and market Green Bags® if it met certain sales figures. On June 13, 2005, Housewares, having already exceeded the level of sales needed to obtain worldwide exclusive retail rights, exercised its option to do so.

22.     Since entering into the Agreement, Housewares has continuously marketed Green Bags® through numerous television appearances by Debbie Meyer, direct response commercials, and through an extensive retail distribution arrangement in the United States and internationally, selling over one billion Green Bags® in the process. Housewares has paid Evert Fresh for the products in accordance with the Agreement.

23.     Debbie Meyer personally makes regular appearances on the Home Shopping Network and is featured on the Home Shopping Network website. *See*

5

http://tinyurl.com/oduc9eo.  Debbie Meyer also continues to promote the Green Bags® on her own website and elsewhere online.  *See* www.debbiemeyer.com/.

24.     In 2013, Housewares, with the knowing consent of Evert Fresh entered into a retail distribution and licensing agreement with Lifetime Brands, Inc. (NASDAQ: LCUT). Through Housewares' agreement with Lifetime Brands, "The Original Debbie Meyer® Green Bags®" are currently being sold at traditional retail chains including A&P, Stop & Shop, Safeway, Bealls, Bed Bath & Beyond, Bon-Ton, Fred Meyer, Grupo Vasconia, Kohls, Kmart, Publix, Ross Stores, Sam's Club, SuperValu, Tru Value, and Wegman's as well as online-only retailers such as Amazon.com, Drugstore.com, Groupon, Inc., and Pfaltzgraff.com.

25.     Neither Evert Fresh nor Housewares has terminated the Agreement, which remains in full force and effect.

26.     Housewares and its distributor Lifetime Brands continue to order Debbie Meyer® Green Bags® and Evert Fresh continues to supply to both entities.   At no time has Evert Fresh advised Housewares or Lifetime Brands that Evert Fresh has available a "new and improved" version or a "thicker" product or made such a product available to them.

**Defendant Kurani's First Infringement of Debbie Meyer® Green Bags®**

27.     Upon information and belief, Kurani was the Chief Operating Officer of a company known as TV Products USA, Inc. ("TV Products").

28.     In 2008, Kurani, through TV Products, sold a product that illegally "knocked off" Debbie Meyer® Green Bags® under the infringing trade name Forever Green Bags.

29.     That same year, Evert Fresh sued Kurani and TV Products over the knock off. The case was filed in United States District Court for the Southern District of New York and assigned docket # 08-cv-06461-HB.

6

30.    In 2009, Kurani and TV Products entered into a Stipulated Preliminary Injunction with Evert Fresh whereby Kurani agreed to cease selling green food storage bags or any product bearing the mark Green Bags®.

31.    In 2009, Evert Fresh moved for a finding of civil contempt, alleging that Kurani's company was selling Forever Green Bags in violation of the Stipulated Preliminary Injunction.

32.    In 2009, before the contempt motion was adjudicated, Kurani and TV Products entered into a Consent Judgment And Permanent Injunction ("the 2009 Consent Judgment") with Evert Fresh admitting that the advertising and sale of Forever Green Bags® was confusingly similar to Green Bags®.

33.    In the 2009 Consent Judgment, Kurani further admitted that he committed unfair competition by advertising and selling products bearing the Green Bags® mark.

34.    In the 2009 Consent Judgment, Kurani further admitted he violated 15 U.S.C. §1114(1) by infringing the Green Bags® mark.

35.    The 2009 Consent Judgment contained a permanent injunction against Kurani and further provided Evert Fresh would receive $390,000.00 in damages from Kurani's company.

36.    As a result of the lawsuit in 2008-2009, Kurani was fully aware of the Agreement between Housewares and Evert Fresh.

### Kurani's Current Infringement / The Breach of The Exclusivity Agreement

37.    Kurani is back to his old tricks, but this time he has apparently joined forces with Evert Fresh.  Upon information and belief, Defendants are now working together to usurp the market Housewares created for Green Bags® and violate Housewares' exclusive rights to distribute the product.

38.    Kurani has a new company, Defendant Tekno.  In early 2015 at a trade show in Chicago, Neville Meyer encountered Kurani at a booth hosted by Kurani and Tekno.

7

39.    Tekno and Kurani are distributing promotional materials depicting a package of Green Bags described as "the Original New & Improved Green Bags Plus."  A copy of the promotional materials is attached as Exhibit A to this Complaint.

40.    At the trade show booth, Tekno and Kurani were also displaying actual packages of their supposed "The Original New & Improved Green Bags Plus."  These packages are a direct knock off of Housewares' packaging for its "The Original Debbie Meyer® Green Bags®". Some photographs of the trade show booth and the knockoff product are attached as Exhibit B to this Complaint.

41.    Tekno/Kurani's knockoff Green Bags product and its packaging are misappropriating the goodwill Housewares has built up through more than a decade of promoting Debbie Meyer® Green Bags®.

42.    Tekno/Kurani's packaging for the Green Bags contain several representations that are false and constitute unfair competition.

43.    For example, Tekno's packaging falsely claims "Over 100,000,000 sold worldwide." In fact, defendants Tekno and Kurani have not sold over 100 million Green Bags or anything close to that, let alone 100 million "new and improved" Green Bags.  Rather Housewares has sold over 100 million Debbie Meyer® Green Bags®, and Kurani and Tekno are seeking to trade off those sales.

44.    Tekno and Kurani's box falsely represented that this product was "Used in Space by NASA" when in fact it was Housewares' Debbie Meyer® Green Bags® product that was used in space by NASA to help keep the astronauts' food fresh.

45.    Tekno and Kurani's box claim that the Green Bags® offered were "As Seen On TV".   Upon information and belief, only the Housewares' Debbie Meyer® Green Bags® product had been advertised on television at the time of the trade show and thereafter.

8

46.     The Tekno and Kurani advertising and packaging assert that their Green Bag products are the "new and improved Original Green Bags" and are 20% thicker.

47.     The Tekno and Kurani advertising and packaging assert that their "new and improved Original Green Bag products are backed by independent laboratory testing and are approved.  Upon information and belief, Tekno and Kurani have not undertaken such testing, and are otherwise making the claim in an effort to pass off their product as the Housewares' Debbie Meyer® Green Bags® product.

48.     In 2015, Tekno and Kurani registered the Internet domain getgreenbagsplus.com. Upon information and belief, Evert Fresh, Tekno and Kurani plan to use getgreenbagsplus.com to sell Green Bags in violation of Housewares' rights.

49.     Tekno and Kurani, with upon information and belief, the assistance of Evert Fresh, produced a television commercial to sell Green Bags in violation of the Agreement.

50.     As of the date of this Complaint, the Tekno/Evert Fresh television commercial is streaming online at vimeopro.com/infomercials/tekno-products.   The commercial is a direct violation of and tortious interference with the exclusive rights granted to Housewares under the Ever Fresh–Housewares Agreement entered into in September 2004.

51.     Evert Fresh has not offered to any purported new and improved Green Bag product to Housewares.

## <u>COUNT I – BREACH OF CONTRACT (against Evert Fresh)</u>

52.     Housewares repeats and realleges the prior allegations as if set forth at length herein.

53.     Housewares and Evert Fresh entered into a contract (the Agreement) in September 2004 which granted Housewares the exclusive right to market and sell Green Bags® through all streamed visual media, including television and the Internet, throughout the world.

9

54.     The Agreement also provided Housewares with an option to acquire exclusive worldwide retail rights for Green Bags® if certain sales figures were achieved.

55.     Housewares exceeded the sales figures contained in the Agreement and notified Evert Fresh in writing that it had exercised the option to the exclusive distribution rights.

56.     Since 2005, Housewares has retained the exclusive distribution rights to sell Green Bags® in the retail trade, including to national retailers in the United States and internationally.

57.     Evert Fresh has breached the Agreement by selling or attempting to sell through Tekno and Kurani products that compete on television and other streamed visual media with Debbie Meyer® Green Bags®.

58.     Evert Fresh has breached Housewares' exclusive distribution rights by attempting to have Tekno and Kurani sell Green Bags outside of the Agreement to the retail trade in the United States and internationally.

59.      Evert Fresh's breaches of the Agreement have damaged Housewares and threaten to cause  Housewares substantial additional damages.

### COUNT II – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (against Evert Fresh)

60.     Housewares repeats and realleges the prior allegations as if set forth at length herein.

61.     The Agreement, like every contract, has an implied covenant of good faith and fair dealing.

62.     By taking the above-described actions which were calculated to destroy or diminish Housewares' rights under the Agreement, including purporting to provide Tekno and Kurani with a new and improved version of a product to which Housewares has exclusive distribution rights, Evert Fresh has breached the covenant of good faith and fair dealing.

10

63.     Housewares has suffered damages as a result of Evert Fresh's breaches of the covenant of good faith and fair dealing.

## COUNT III - TORTIOUS INTERFERENCE WITH CONTRACT (against Tekno and Kurani)

64.     Housewares repeats and realleges the prior allegations as if set forth at length herein.

65.     Housewares and Evert Fresh entered into the Agreement in September 2004.

66.     Tekno and Kurani had knowledge of the Agreement.

67.     Tekno and Kurani have intentionally and improperly interfered with Housewares' rights under the Agreement.

68.     Tekno and Kurani have induced or otherwise caused Evert Fresh to breach its contractual obligations to Housewares.

69.     Housewares has been damaged as a result of Tekno and Kurani's interference with the Agreement.

## COUNT IV – LANHAM ACT (against all defendants)

70.     Housewares repeats and realleges the prior allegations as if set forth at length herein.

71.     The front panel of the current packaging for Housewares' The Original Debbie Meyer® Green Bags® is annexed as Exhibit C.

72.     The front panel of the packaging for the Tekno/Kurani "the Original New & Improved Green Bags Plus" is depicted on page 4 of Exhibit B to this Complaint.

73.     The Tekno/Kurani advertising and packaging for its "the Original New & Improved Green Bags Plus" (including the television commercial) misappropriate the look and feel of Housewares' "The Original Debbie Meyer® Green Bags®" advertising and packaging and thus creates a likelihood of confusion.

74.     For example, the opening of the Tekno/Kurani commercial for its "the Original New & Improved Green Bags Plus" depicts the following view:



75.    The opening of the original Debbie Meyer commercial, which has run previously hundreds of times, depicts the following view:



12

76.     The same drawer opening scene can be seen in the current commercial video found at <u>DebbieMeyer.com</u>.

77.     The Tekno/Kurani commercial contains numerous other imitations of the Housewares' commercial for Debbie Meyer® Green Bags®.

78.     The Tekno/Kurani commercial uses a model wearing virtually the same clothing and handling food in the same fashion as Debbie Meyer.   For example in Housewares' commercial, Ms. Meyer snaps two carrots in half to demonstrate the freshness of the carrot stored in The Original Debbie Meyer® Green Bag®.   In the infringing commercial, the model's face is not seen, so that viewers do not realize the model is someone other than Debbie Meyer, but the woman nonetheless snaps the two carrots in the same manner as Debbie Meyer does.

79.     The Tekno/Kurani advertising and packaging contains the false statement "we've sold over 100 million Green Bags around the world…" when those sales were made by Housewares, not Tekno or Kurani.

80.     The Tekno/Kurani advertising and packaging uses a photograph of  Green Bags in space which, upon information and belief, occurred in 2010, long before Tekno was even formed.  Tekno and Kurani include the space photograph to falsely represent that the knockoff product was taken into outer space when the product taken into outer space was Housewares' Debbie Meyer® Green Bag®.

81.     The packaging for Tekno/Kurani Green Bags product contains the same layout and color as the Housewares packaging for The Original Debbie Meyer® Green Bags®.

82.     Defendants' "the Original New & Improved Green Bags Plus" advertising and packaging incorporates the entire concept, design and the look and feel of Housewares' commercial and packaging and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship or affiliation of Defendants' food storage bags.

13

83.     Defendants' infringing acts, as alleged herein, are likely to cause confusion, mistake and deception among the relevant consuming public as to the source or origin of the Defendants' "the Original New & Improved Green Bags Plus" and are likely to deceive the relevant consuming public into the mistaken belief that Defendants' food storage bags originate from, are associated or affiliated with, sponsored by, or otherwise authorized by Housewares and Debbie Meyer.

84.     Upon information and belief, defendants have committed these acts of unfair competition and false designation of origin with full knowledge of Housewares' prior rights and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

85.     Kurani and Everts participated in and are the moving active conscious force behind the complained-of activities herein.

86.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

87.     Defendants' acts are ongoing, and unless enjoined will continue to cause irreparable injury to Housewares.

88.     The intentional and willful nature of Defendants' conduct makes this an exceptional case under 15 U.S.C. § 1117.

89.     Housewares has no adequate remedy at law and therefore is entitled to a preliminary and permanent injunction along with damages in an amount to be determined at trial.

90.     Housewares is further entitled to recover monetary damages in an amount to be determined at trial which equal to Defendants' sales as well as Housewares' lost sales, profits and reputation and goodwill value that Housewares would have enjoyed but for Defendants' acts.

### COUNT V – TRADEMARK DILUTION (against all defendants)

91.     Housewares repeats and realleges the prior allegations as if set forth at length herein.

14

92.     Housewares owns a federal trademark registration, number 4246264, for the mark Debbie Meyer®, which covers plastic food storage bags.  A copy of the record of trademark registration taken from the United States Patent and Trademark Offices' Trademark Electronic Search System ("TESS") is attached as Exhibit D to this Complaint.

93.     The mark Debbie Meyer® is famous and distinctive, recognized by industry and consumers as the source of Debbie Meyer® Green Bags® and other products.

94.     Housewares has no control over Defendants' false and misleading statements that have and continue to adversely affect Housewares' goodwill.

95.     As a result of Defendants' false and misleading statements, including those described herein, the distinctive qualities of the Debbie Meyer® mark is being and will continue to be diluted.

96.     Kurani and Everts participated in and are the moving active conscious force behind Tekno's complained-of activities.

97.     Defendants' wrongful conduct, including but not limited to their knockoff of Housewares' trade dress and their false and misleading statements that Defendants' product is a "new and improved" version, constitutes unlawful dilution of Housewares' famous and distinctive mark in a manner that is likely to cause dilution by blurring or tarnishment in violation of 15 U.S.C. § 1125(c).

98.     Defendants are willfully, knowingly and intentionally structuring their advertisements and trade dress in an attempt to dilute the Debbie Meyer mark.

99.     Upon information and belief, Defendants intend to continue distributing and publishing their misleading advertisements and infringing trade dress unless enjoined by this Court, so as to deceive, mislead and confuse consumers and the purchasing public while making claims of purported superiority to Housewares' Debbie Meyer® Green Bags®.

15

100.    By reasons of and as a direct and proximate result of Defendants' unlawful acts and practices, including those set forth herein, Defendants have caused, are causing, and, unless enjoined by the Court, will continue to cause, immediate and irreparable harm to Housewares, for which there is no adequate remedy at law, and for which Housewares is entitled to preliminary and permanent injunctive relief.

101.    Housewares is further entitled to recover monetary damages in an amount to be determined at trial which equal to Defendants' sales as well as Housewares' lost sales, profits and reputation and goodwill value that Housewares would have enjoyed but for Defendants' acts.

**COUNT VI – NEW JERSEY UNFAIR COMPETITION (against all defendants)**

102.    Housewares repeats and realleges the prior allegations as if set forth at length herein.

103.    New Jersey's unfair competition statute, N.J.S.A. 56:4-1, prohibits merchants, firms and corporations from appropriating for their own use the name, brand, trademark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals.

104.    Defendants deal in the same food storage product (Green Bags®) as Housewares does.

105.    Defendants have appropriated the brand, reputation and/or goodwill of Housewares in violation of N.J.S.A. 56:4-1.

106.    Housewares has been injured by Defendants' acts of misappropriation.

107.    Kurani and Everts participated in and are the moving active conscious force behind Tekno's and Evert Fresh's complained-of activities.

108.    Defendants are liable to Housewares for all damages, directly or indirectly caused, in an amount to be determined at trial, for their acts of misappropriation.

109.    Because of the intentional nature of the misappropriation, Housewares' damages should be trebled in the discretion of the court pursuant to N.J.S.A. 56:4-2.

110.    Pursuant to N.J.S.A. 56:4-2, Housewares is further entitled to a preliminary and permanent injunction enjoining Defendants from the acts of misappropriation described herein.

## <u>COUNT VII – COMMON LAW UNFAIR COMPETITION (against all defendants)</u>

111.    Housewares repeats and realleges the prior allegations as if set forth at length herein.

112.    Housewares' trade dress is distinctive and unique in the field.

113.    Housewares' trade dress is widely recognized by consumers as being associated with Debbie Meyer and has acquired secondary meaning in the marketplace.

114.    Defendants are improperly passing off their Original New & Improved Green Bags® Plus product as Housewares' product, and furthermore are trading upon Housewares' goodwill and valuable rights in Housewares' trade dress.

115.    Consumers are likely being mistakenly led by Defendants to believe that Housewares and/or Debbie Meyer is the source of Defendants' Original New & Improved Green Bags® Plus or that Debbie Meyer is otherwise affiliated with, connected to, or sponsors or approves of Defendants' knockoff. By the acts described above, Defendants have engaged in unfair competition in violation of the common law.

116.    Kurani and Everts participated in and are the moving active conscious force behind Tekno's and Ever Fresh's complained-of activities.

117.    Defendants committed the above-alleged acts willfully, in bad faith and in conscious disregard of Housewares' rights.

118.    Housewares is entitled to exemplary and punitive damages in an amount sufficient to punish, deter and make an example of Defendants.

119.    Defendants' acts are ongoing, and unless enjoined will continue to cause irreparable injury to Housewares.

120.    Housewares has no adequate remedy at law and therefore is entitled to a preliminary and permanent injunction along with damages in an amount to be determined at trial.

**COUNT VIII – COMMON LAW COPYRIGHT INFRINGEMENT (against Tekno and Kurani)**

121.    Housewares repeats and realleges the prior allegations as if set forth at length herein.

122.    Housewares' packaging for Debbie Meyer® Green Bags® is subject to common law copyright protection.

123.    Housewares' packaging for Debbie Meyer® Green Bags® contains a copyright mark.

124.    As the owner of a valid common-law copyright, Housewares possesses the exclusive right to exploit the copyrighted material.

125.    Defendants copied a substantial amount of Housewares' copyrighted material without authorization to do so.

126.    Defendants' unauthorized reproduction of Housewares' copyrighted material constitutes an infringement upon Housewares' intellectual property rights.

127.    Each reproduction by Defendants is a separate infringement upon Housewares' intellectual property rights.

128.    As a direct and proximate result of Defendants' wanton and reckless copyright infringement, Housewares is entitled to compensatory damages, including Defendants' profits, in an amount to be proven at trial.

129.    Furthermore, Defendants' unlawful use of Housewares' copyrighted material, despite the 2009 Consent Judgment and related lawsuit, is willful, knowing and malicious. Moreover, Defendants' intent to profit from such misappropriation shows bad faith and reckless disregard for Housewares' intellectual property rights. As such, punitive or exemplary damages are warranted in this case, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Housewares America, Inc. respectfully demands the following relief:

A.      That the Court finds that Defendants violated the Lanham Act, New Jersey's unfair competition statute, N.J.S.A. 56:4-1, and the common law by the false and/or misleading representations in interstate commerce and the acts of unfair competition described herein;

B.      That Defendants, their agents, officers, servants, employees, successors and/or assigns, and all persons or entities in active concert and/or participation with them, be preliminarily and permanently enjoined from marketing any product under the trade name Green Bags® which makes false or misleading representations, which implies an affiliation, connection, sponsorship, endorsement or approval of Housewares or Debbie Meyer or which is otherwise confusingly similar to Housewares' Green Bags® product;

C.      That the Court finds that Evert Fresh breached its Agreement with Housewares;

D.       That the Court finds that Tekno and Kurani tortiously interfered with Housewares' Agreement with Evert Fresh;

E.      A declaratory judgment that the Agreement grants Housewares the exclusive right to market and sell Green Bags® through all streamed visual media, including television, throughout the world and well as the retail trade in the United States and internationally;

F.      That the Court find that Tekno and Kurani infringed Housewares' copyright;

G.      A monetary award to Housewares in the amount of:

      i.      lost profits suffered as a result of the actions described above;

      ii.     Defendants' profits earned as a result of the actions described above;

      iii.    Treble damages to the fullest extent allowed under 15 U.S.C. § 1117;

19

iv.  Exemplary and punitive damages in an amount sufficient to punish, deter and
      make an example of Defendants;

v.   All costs incurred in this action, together with reasonable attorneys' fees
      pursuant to 15 U.S.C. § 1117(a) and any other applicable law; and

vi.  Such other or further relief, including attorney's fees, that to the Court seems
      just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff Housewares America, Inc. hereby demands a trial by jury.

Dated: June 4, 2015

                                    **OLSHAN FROME WOLOSKY LLP**

                                    _____
                                    Andrew B. Lustigman, Esq.
                                    Scott Shaffer, Esq.
                                    744 Broad Street, 16th Floor
                                    Newark, NJ 07102
                                    Tel: 973.331.7200
                                         -and-
                                    Park Avenue Tower
                                    65 East 55th Street
                                    New York, NY  10022
                                    e-mail: alustigman@olshanlaw.com;
                                            sshaffer@olshanlaw.com

                                    *Attorneys for Plaintiff*